## SAN DIEGO CO. v. C. S. R. CO.

### January 16, 1884.

#### 1 Pac. 897.

**Taxes—Action to Recover.**—District Attorneys are not Authorized to Commence and prosecute actions for the recovery of delinquent taxes. Any county may do so in its own name, and its action is to be directed by the board of supervisors of such county. The district attorney having brought this action without their direction or ratification, no attorney's fees can be recovered of the defendant, nor costs against the plaintiff.

W. J. Hunsaker and W. M. Smith for appellant; H. E. Cooper and M. A. Luce for respondent.

SHARPSTEIN, J.—District attorneys are not expressly authorized by any law of this state to which our attention has been directed to commence and prosecute actions for the recovery of delinquent taxes. By the act of April 23, 1880 (Stats. 1880, p. 136), any county is authorized to sue in its own name for the recovery of delinquent taxes, and a form of complaint is prescribed. But no officer or board of officers is expressly authorized to commence the action, and unless the power to do so is within the general powers of some officer or board of officers, we must treat it as a casus omissus. It is clearly not within the enumerated duties of district attorneys: Pol. Code, art. 8. The powers of boards of supervisors are much broader. They have the power "to supervise the official conduct of all county officers . . . . charged with assessing, collecting," etc., "of the public revenue" (Pol. Code, 4046); "to direct and control the prosecution and defense of all suits to which the county is a party" (Pol. Code, subd. 15), and "to do and perform all other acts and things required by law not in this title (Pol. Code, pt. 4) enumerated, or which may be necessary to the full discharge of the duties of the chief executive authority of the county government": Pol. Code, subd. 26. This, in our opinion, confers power upon boards of supervisors to direct the commencement and prosecution of actions for the recovery of delinquent taxes, and we think no one is authorized to commence such an action

until directed to do so by the board of supervisors of the proper county. And as the court found that the board of supervisors never directed or authorized the institution or prosecution of this suit, or ratified the action of the district attorney in bringing the same, it necessarily results that no attorneys' fees can be recovered of the defendant nor costs against the plaintiff.

The judgment, therefore, must be reversed, and the court below is directed to dismiss the action.

We concur: Myrick, J.; Thornton, J.